**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**WILLODENE CHATHAM;**                                              **PLAINTIFFS**
**CHARLES CHATHAM**

**v.**                                              **CIVIL ACTION NO. 3:13-cv-1025-CWR-LRA**

**LOGAN'S ROADHOUSE, INC.**                                **DEFENDANT**

**ORDER**

This is a premises liability lawsuit in which Willodene Chatham alleges that she was injured when she slipped and fell on peanut shells on the floor of a Logan's Roadhouse restaurant in Meridian, Mississippi, on August 16, 2011. Before the Court is Defendant Logan's Roadhouse, Inc.'s Motion for Summary Judgment [18]. The Defendant supports the motion with its Memorandum of Law [19]. Plaintiffs, Willodene Chatham and her husband, Charles Chatham, oppose the motion [20], and the Defendant has replied [22]. Having reviewed the parties' submissions, relevant law, and the evidence submitted in support and opposition to the Motion for Summary Judgment, the Court finds that genuine disputes of material fact exist regarding the issues raised in the Motion for Summary Judgment. As such, the Motion shall be DENIED. *See* Fed. R. Civ. P. 56(a) (stating that a motion for summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

"Premises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009) (citing *Massey v. Tingle*, 867 So. 2d 235, 239 (Miss. 2004)).[1] The parties agree that as a Logan's patron, Mrs.

---

[1] Because this case is proceeding in diversity, the applicable substantive law is that of the forum state,

Chatham's legal status at the time of her fall was that of a business invitee.  The Fifth Circuit has recently summarized Mississippi's law of premises liability as it relates to invitees as follows:

> While a premises owner is not an insurer of the safety of invitees, the premises owner does have a duty of reasonable care, to maintain its premises in a reasonably safe condition.  A landowner's duty to invitees includes a duty to keep its premises in a reasonably safe condition, and a duty to warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises.  The breach of either duty supports a claim of negligence.

*Cox v. Wal-Mart Stores East, L.P.*, -- F.3d --, No. 13-60454, 2014 WL 2598737, at *1 (5th Cir. June 10, 2014) (quotation marks and citations omitted).

To support their claims in this action, the Chathams testified that a Logan's employee wiped peanut shells from the table at which they were sitting onto the floor, and that Mrs. Chatham subsequently slipped on the peanut shells.  Thus, Plaintiffs claim that Logan's, "by and through its employees, created the unreasonably dangerous condition on its premises which proximately caused the permanent personal injuries to the Plaintiff," and that it "either knew or should have known of the unreasonably dangerous condition and neither corrected nor adequately warned Plaintiff . . . of the same." Docket No. 1-2, at 2.

In its motion for summary judgment, Logan's argues that the Plaintiffs cannot prove that there was an unreasonably dangerous condition, and that Logan's had no duty to warn.  As such, Logan's contends that Mrs. Chatham's negligence claims, as well as Mr. Chatham's derivative claim for loss of consortium, fail as a matter of law.  Each of Logan's arguments will be addressed in turn.

---

Mississippi.  *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 228 (5th Cir. 2007).  State law is determined by looking to the decisions of the state's highest court.  *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

First, Logan's argues that the peanut shells accumulated on the floor of the restaurant did not constitute an unreasonable danger because it was a "usual" condition and "one which customers normally expect to encounter on the business premises." Docket No. 18, at 1 (internal quotation marks omitted). Logan's relies on the case of *Tate v. Southern Jitney Jungle Co.*, in which the Mississippi Supreme Court suggested that "dangers which are usual and which customers normally expect to encounter on the business premises, such as thresholds, curbs and steps," do not qualify as unreasonably dangerous conditions. 650 So. 2d 1347, 1351 (Miss. 1995) (discussed in *Wood*, 556 F.3d at 276-82). Having reviewed *Tate* and federal and state post-*Tate* cases, the Court concludes that the presence of peanut shells on Logan's floor does not qualify as the type of "usual" and "normally expect[ed]" dangers described in *Tate*, "such as thresholds, curbs and steps." *Tate*, 650 So. 2d at 1351; *see id.* at 1347-48, 1351 (finding jury question regarding whether Jitney failed to maintain its premises in a reasonably safe condition, where plaintiff injured her leg on sharp edge of the deli counter, and the sharp edge was "under the counter, at knee level and out of the normal line of sight from which one is generally expected to observe or expect as he or she exercises normal care for his or her safety"); *Wood*, 556 F.3d at 275, 281-82 (finding nothing on which to base a conclusion that under *Tate*, reflectors located underneath a casino's *porte cochere* were "usual, normally expected, and therefore not unreasonably dangerous," and stating that "those hazards that are similar to undamaged thresholds, curbs, and steps, which are common architectural features for buildings and parking lots, may properly be found not to be unreasonably dangerous"); *Baptiste v. Jitney Jungle Stores of America, Inc.*, 651 So. 2d 1063 (Miss. 1995) (holding that genuine issue of fact was presented regarding grocery store's negligence where delivery man was injured by tripping

3

over debris located on the store's loading dock, even though the delivery man knew that debris had been on the loading dock for at least four to six weeks prior to his injury and had safely passed by the particular debris pile on two occasions before his accident). Thus, the Court cannot hold that the accumulation of peanut shells on Logan's floor was reasonably safe as a matter of law. A jury must decide that issue.

Second, Logan's argues that it had no duty to warn the Chathams of the presence of the peanut shells because, according to Logan's, the peanut shells were not unreasonably dangerous, and they were open and obvious. Under Mississippi law, the "duty . . . of warning of dangers that are not open and obvious[] arises only when the premises are not reasonably safe," and "[i]f a hazard is open and obvious, there is no duty to warn." *Wood*, 556 F.3d at 280-81. As explained above, whether the peanut shells' presence on the floor created an unreasonably dangerous condition is a question of fact for the jury. Further, there is a genuine dispute of material fact regarding whether the shells on which Mrs. Chatham slipped constituted an "open and obvious" danger. Although Mrs. Chatham saw peanut shells on the floor when she entered the restaurant and saw the server wipe the peanut shells onto the floor, she testified that she was seated in an elevated booth, and that when she stepped down from the booth, "[her] foot just flew out." Docket No. 18-2, at 16 (Mrs. Chatham Dep. at 61). There is no testimony that the peanut shells in which she stepped were "open and obvious" from where she sat in the elevated booth. Whether the danger was open and obvious, and, thus, whether Logan's had a duty to warn of the danger, must be left for the jury's determination. *See Wood*, 556 F.3d at 281 ("Whether a danger is open and obvious is a question for the jury in all but the clearest cases.").

Because there are disputes of fact regarding Mrs. Chatham's negligence claims, which are the underlying claims on which Mr. Chatham's loss of consortium claim hinges, summary judgment shall also be denied as to Mr. Chatham's loss of consortium claim.

For the foregoing reasons, the Defendant's Motion for Summary Judgment is DENIED.

**SO ORDERED**, this the 15th day of July, 2014.

                                                s/ Carlton W. Reeves
                                                UNITED STATES DISTRICT JUDGE